Lloyd B. Miller, Esq.
Sonosky, Chambers, Sachse,
    Miller & Munson, LLP
900 West Fifth Avenue, Suite 700
Anchorage, Alaska 99501-2029
(907) 258-6377

Reid Peyton Chambers, Esq.
Sonosky, Chambers, Sachse,
    Endreson & Perry, LLP
1425 K Street, N.W., Suite 600
Washington, D.C. 20005
(202) 682-0240

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHUGACH REGIONAL RESOURCES COMMISSION<br>6200 Lake Otis Parkway, Suite 201<br>Anchorage, Alaska 99507<br><br>             Plaintiff,<br><br>    vs.<br><br>DIRK A. KEMPTHORNE,<br>in his official capacity as Secretary of the Interior<br>U.S. Department of the Interior<br>1849 C Street, N.W., Room 6156<br>Washington, D.C. 20240<br><br>CARL J. ARTMAN, in his official capacity as<br>Assistant Secretary for Indian Affairs<br>U.S. Department of the Interior<br>1849 C Street, N.W., Room 4160<br>Washington, D.C. 20240 | Case No. _____<br><br><br><br><br><br><br><br><br><br><br>**COMPLAINT FOR INJUNCTIVE<br>AND DECLARATORY RELIEF<br>UNDER 25 U.S.C. § 450m-1(a)** |

1

Plaintiff, Chugach Regional Resources Commission, by and through its attorneys, Sonosky,

Chambers, Sachse, Endreson & Perry, LLP, complains and alleges as follows:

## I. INTRODUCTION

1.      This action for injunctive relief, for mandamus relief and for declaratory relief is

brought under the Indian Self-Determination and Education Assistance Act of 1975 (ISDA), as

amended, 25 U.S.C. §§ 450-450n.  During the period covered by this Complaint, and in the years

leading up to it, the ISDA required the Secretary of the Interior to enter into periodic contracts with

the plaintiff.  Among the rights guaranteed by the ISDA is the right to a contract renewal at the end

of each three-year contract period, provided that the nature or scope of work under the contract has

not changed in any substantial or material way.  At the conclusion of the plaintiff's last contract, in

effect for fiscal years 2004 through 2007, plaintiff was entitled to a renewal of that contract. Despite

the command of the ISDA, and despite the repeated demands of the plaintiff, the defendants have

failed to award the required renewal contract for the period fiscal year 2008 through fiscal year 2010,

and now may obligate those funds to other purposes.

## II. JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 25 U.S.C. § 450m-1(a) (actions under the

ISDA) and 28 U.S.C. § 1331 (actions arising under federal law).  In exercising this jurisdiction,

Congress has expressly conferred upon this Court the power to:

> order appropriate relief including money damages, injunctive relief
> against any action by an officer of the United States or any agency
> thereof contrary to [the ISDA] or regulations promulgated [under the
> ISDA], or mandamus to compel an officer or employee of the United
> States, or any agency thereof, to perform a duty provided under [the
> ISDA] or regulations promulgated [under the ISDA] (including

> immediate injunctive relief to reverse a declination finding under section 450f(a)(2) of this title or to compel the Secretary to award and fund an approved self-determination contract).

25 U.S.C. § 450m-1(a).

3.     Venue in this civil action against officers and employees of the United States acting in their official capacities is proper in this District under 28 U.S.C. § 1391(e), because the defendants reside in this District.

### III. PARTIES

4.     Plaintiff Chugach Regional Resources Commission ("CRRC") is an Alaska not-for-profit corporation and a "tribal organization" as that term is defined in 25 U.S.C. § 450b(*l*).  CRRC serves seven Alaska Native communities in the Chugach Native Region of Southcentral Alaska, as that region is defined in section 1606(a) of the Alaska Native Claims Settlement Act, 43 U.S.C. § 1606(a)(9).  Pursuant to the terms of the ISDA and since fiscal year 1994, CRRC has at all times relevant to this Complaint operated various natural resource management and development programs serving its Native communities under successive multi-year "self-determination contracts" and successive "annual funding agreements" entered into with the Secretary of the Interior ("Secretary") or his authorized delegate. *See* 25 U.S.C. § 450f.

5.     Defendant Dirk Kempthorne is the Secretary of the United States Department of the Interior (DOI).  Under the ISDA, Congress has imposed upon the Secretary various statutory and contractual obligations that are the subject of this action.  Defendant Carl J. Artman is the Assistant Secretary for Indian Affairs, exercising delegated authority from the Secretary to carry out the ISDA.  The Secretary has delegated most of his responsibilities under the Indian Self-Determination Act to the Assistant Secretary.  The Assistant Secretary exercises delegated authority over the Bureau of

Indian Affairs ("BIA").  Defendants are officers or employees of the United States, and they are collectively referred to herein as "the Secretary" or "the BIA."

## IV.
## GENERAL ALLEGATIONS

6.     Pursuant to Title I of the ISDA (25 U.S.C. §§ 450-450n), the Secretary enters into "self-determination contracts" and annual funding agreements with tribes and tribal organizations. A self-determination contract or an annual funding agreement is a binding contractual agreement between the Secretary and an Indian Tribe or Tribal organization under which the Tribe or Tribal organization undertakes the daily administration of one or more designated federal programs (typically BIA programs) serving the Tribe or Tribal organization.  Each year the Secretary enters into hundreds of ISDA contracts.  (The same Act also applies to the Secretary of the Department of Health and Human Services, primarily through the Indian Health Service ("IHS").)

7.     Once an ISDA contract is awarded the Secretary is required automatically to renew the contract "where no material and substantial change to the scope or funding of a program, functions, services, or activities has been proposed by the Indian tribe or tribal organization."  25 C.F.R. §900.33.  Under this regulation, such contract renewals are not subject to the Secretary's "Declination Procedures" (25 C.F.R. Subpart E) and thus are not subject to review by the Secretray for declination issues (by which the Secretary may otherwise "decline" to award a contract for certain reasons, *see* 25 C.F.R. § 900.22; 25 U.S.C. § 450f(a)(2)).

8.     The ISDA also directs that, once a self-determination contract is awarded and funded, annual funding for successive years may not be reduced except under limited circumstances, none of which is applicable here.  25 U.S.C. § 450j-1(b)(2).  *See also* 25 U.S.C. § 450*l*(c), Model

Contract, Sec. 1(b)(14)(A).

9.      CRRC was established in 1984 by the seven Tribes of the Chugach region of Alaska to collectively address issues of mutual concern regarding stewardship of local natural resources, subsistence resources and the environment, and to develop culturally-appropriate economic development projects that promote the sustainable development of local natural resources.

10.     Among the many projects developed and supported by CRRC have been several mariculture projects, including a salmon hatchery, a shellfish hatchery, and an oyster farm. In addition, CRRC is engaged in mapping the traditional subsistence use areas of the region, in association with the Geographic Information System, and in the development of a vocational technical curriculum for natural resources management based on traditional philosophies and management strategies of its Tribes.

11.     On or about January 4, 2005, CRRC and the BIA executed their fourth renewal contract for the performance of resource management and development services. The January 4, 2005, renewal contract covered the period October 1, 2004 through September 30, 2007 (Contract No. CTE01X84923, in effect for fiscal years 2005 through 2007)(copy attached as Exhibit 1). This contract was an automatic renewal of a prior contract covering fiscal years 2002 through 2004 (Contract No. CTE01X84922), which itself was a renewal of prior contracts which had been issued and renewed since fiscal year 1994: Contract No. CTE01X84921; Contract No. CTE01X84920; Contract No. CTE01X84901.

12.     On November 14, 2007, CRRC served the BIA with a written demand for a renewal of its contract for a three-year term covering fiscal year 2008 through fiscal year 2010. A copy of CRRC's demand is attached as Exhibit 2. The demand asserted that no material and substantial

5

change was proposed by CRRC to the scope or funding of the BIA program, functions, services or

activities covered by the contract. As such, under 25 C.F.R. § 900.33, the BIA was without authority

to decline CRRC's contract renewal proposal.

13.    As of the date of this filing, and despite repeated demands by CRRC, the Secretary has

refused to fulfill his statutory duty to award the subject contract renewal.

## V. FIRST CAUSE OF ACTION
## (BREACH OF STATUTORY DUTY TO RENEW ISDA CONTRACT)

14.    Plaintiff realleges paragraphs 1 through 13 as if fully set forth herein.

15.    CRRC's proposed renewal contract for fiscal year 2008 through fiscal year 2010

proposes no material and substantial change to the scope and funding of its program, functions,

services or activities specified in its prior contract covering fiscal year 2005 through fiscal year 2007.

16.    CRRC's renewal contract is not subject to the declination procedures of 25 C.F.R. part

900, and thus the Secretary by law is required to automatically renew CRRC's contract.

17.    The Secretary's refusal to award CRRC its contract renewal for fiscal year 2008

through fiscal year 2010 is unlawful.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court grant the following relief :

1.    A judgment declaring that the Secretary's refusal to award a contract renewal for

FY 2008 through FY 2010 is unlawful;

2.    An order of mandamus compelling the Secretary immediately to award and fund a

three-year renewal of CRRC's ISDA contract, in an annual amount not less than that to which

CRRC was lawfully entitled under the terms of its FY 2004 through FY 2007 contract;

6

3.    An order preliminarily enjoining the defendants from obligating to others the amount of funds to which CRRC is entitled for FY 2008;

4.    Costs of suit under the Equal Access to Justice Act, 28 U.S.C. § 2412, and other applicable law, including full attorneys' fees, expert witness fees, and other costs of suit;

5.    Such other and further relief, including declaratory, injunctive and equitable relief, as the Court deems just.

RESPECTFULLY SUBMITTED this 5th day of February 2008.

By: /s/ *Reid Peyton Chambers*
Reid Peyton Chambers, Esq.
D.C. Bar No 148296
SONOSKY, CHAMBERS, SACHSE,
　ENDRESON & PERRY, LLP
1425 K Street, N.W., Suite 600
Washington, D.C. 20005
Telephone: 202-682-0240
Facsimile: 202-682-0249

By: /s/ *Lloyd Benton Miller*
Lloyd Benton Miller
D.C. Bar No. 317131
SONOSKY, CHAMBERS, SACHSE
MILLER & MUNSON, LLP
900 W. 5th Avenue, Suite 700
Anchorage, AK 99501
Telephone: 907-258-6377
Facsimile: 907-272-8332

Of Counsel:

Peter G. Ashman
AK Bar No. 8306018

Carole A. Holley
AK Bar No. 0611076

SONOSKY, CHAMBERS, SACHSE,
MILLER & MUNSON, LLP
900 W. 5th Avenue, Suite 700
Anchorage, AK 99501
Tel: (907) 258-6377
Fax: (907) 272-8332

92721.1

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| CHUGACH REGIONAL RESOURCES COMMISSION | DIRK A. KEMPTHORNE, Secretary of the Interior, et al., |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) United States | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY) United States NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Sonosky, Chambers, Sachse, Endreson & Perry, LLP 1425 K Street, N..W., Suite 600 Washington, D.C. 20005 (202) 682-0240 | |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
◉ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**◉ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E.  General Civil (Other)**        OR        **○ F.  Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General** <br> ☐ **510 Motion/Vacate Sentence** | ☐ **442 Civil Rights-Employment** (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ☐ **895 Freedom of Information Act** <br> ☐ **890 Other Statutory Actions** (if Privacy Act) <br><br> *(If pro se, select this deck)* | ☐ **152 Recovery of Defaulted Student Loans** (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act** <br> ☐ **720 Labor/Mgmt. Relations** <br> ☐ **730 Labor/Mgmt. Reporting & Disclosure Act** <br> ☐ **740 Labor Railway Act** <br> ☐ **790 Other Labor Litigation** <br> ☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)** <br> ☐ **443 Housing/Accommodations** <br> ☐ **444 Welfare** <br> ☐ **440 Other Civil Rights** <br> ☐ **445 American w/Disabilities-Employment** <br> ☐ **446 Americans w/Disabilities-Other** | ☐ **110 Insurance** <br> ☐ **120 Marine** <br> ☐ **130 Miller Act** <br> ☐ **140 Negotiable Instrument** <br> ☐ **150 Recovery of Overpayment & Enforcement of Judgment** <br> ☐ **153 Recovery of Overpayment of Veteran's Benefits** <br> ☐ **160 Stockholder's Suits** <br> ☐ **190 Other Contracts** <br> ☐ **195 Contract Product Liability** <br> ☐ **196 Franchise** | ☐ **441 Civil Rights-Voting** (if Voting Rights Act) |

**V. ORIGIN**

○ **1 Original Proceeding**  ○ **2 Removed from State Court**  ○ **3 Remanded from Appellate Court**  ○ **4 Reinstated or Reopened**  ○ **5 Transferred from another district (specify)**  ○ **6 Multi district Litigation**  ○ **7 Appeal to District Judge from Mag. Judge**

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

25 U.S.C. sec. 450m-1; 28 U.S.C. sec. 1331; TRO/Injunction to award and fund contract with Indian tribes.

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** ⌐ ¬ **JURY DEMAND:** | Check YES only if demanded in complaint <br> YES ☐  NO ☒ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   (See instruction)    YES ☐   NO ☒   If yes, please complete related case form.

DATE **2/5/08**    SIGNATURE OF ATTORNEY OF RECORD   *Reid Chambers*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

**I.**  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

**III.**  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.**  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

**VI.**  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.**  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

Lloyd B. Miller, Esq.
Sonosky, Chambers, Sachse,
    Miller & Munson, LLP
900 West Fifth Avenue, Suite 700
Anchorage, Alaska  99501-2029
(907) 258-6377

Reid Peyton Chambers, Esq.
Sonosky, Chambers, Sachse,
    Endreson & Perry, LLP
1425 K Street, N.W., Suite 600
Washington, D.C. 20005
(202) 682-0240

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHUGACH REGIONAL RESOURCES COMMISSION, | ) )  )  |
| Plaintiff, | )  )  |
| v. | ) Case No. _____ |
| | )  |
| DIRK A. KEMPTHORNE, Secretary, U.S. Department of the Interior; CARL J. ARTMAN, Assistant Secretary for Indian Affairs, U.S. Department of the Interior, | )  )  )  )  )  |
| Defendants. | )  )  ) |

## EXHIBITS ACCOMPANYING COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF UNDER 25 U.S.C. § 450 m-1(a)

92700.1

TABLE OF CONTENTS

1. FY 2005 - FY 2007 Contract and FY 2005 Amended Annual Funding Agreement.

2. Letter of Nov. 14, 2007, from CRRC Executive Director Patricia Brown-Schwalenberg to BIA Alaska Regional Director Niles C. Cesar.

92719.1

*Chugach Regional Resources Commission*          ***2005 AFA***
*Contract No. CTE01X84923*


# CONTRACT/FISCAL YEAR 2005

# AMENDED ANNUAL FUNDING AGREEMENT

## BETWEEN

# Chugach Regional Resources Commission

## AND

# THE UNITED STATES OF AMERICA SECRETARY OF THE DEPARTMENT OF THE INTERIOR

### Sec. 1.   *AUTHORITY AND PURPOSE* —

This Annual Funding Agreement is executed by and between **Chugach Regional Resources Commission** (hereafter the "Contractor") and the Bureau of Indian Affairs (hereafter the "BIA"), pursuant to Title I of the Indian Self-Determination and Education Assistance Act, as amended, and is incorporated into and governed by the Tribal Contract (hereafter the "Contract") between the Contractor and BIA **dated October 1, 2004.** Pursuant to the terms of this Agreement, the Contractor is authorized to plan, conduct, and administer the programs, functions, services and activities identified in **Section 10** below.

*Chugach Regional Resources Commission*          **2005 AFA**
*Contract No. CTE01X84923*

### Sec. 2.    EFFECTIVE DATE AND TERM —

This Agreement shall become effective October 1, 2004 and shall extend through September 30, 2005.

### Sec. 3.    AMOUNT OF FUNDS —

The Bureau of Indian Affairs shall provide the Contractor the amount of **$417,984.00** in accordance with Section (b)(4) of the Contract. Accounting and appropriation data is set forth in Attachment 1.

### Sec. 4.    SERVICE AREA —

The Contractor agrees to administer the programs, services, functions and activities (or portions thereof) listed in **Section 10** of this Annual Funding Agreement in the following service area:

|  | Resolution No. |
|---|---|
| Chugach Regional Resources Commission | Resolution No. 04-01 |
| Chenega Bay | Resolution No. 93-09 |
| Native Village of Eyak | Resolution No. 93-6-1 |
| Nanwalek | Resolution No. 93-09 |
| Native Village of Port Graham | Resolution No. 93-10 |
| Tatitlek Village IRA Council | Resolution No. 93-09 |
| Mount Marathon Native Association | Resolution No. 93-06 |

"For all programs other than Scholarships, the contractor shall serve all eligible Alaska Native and American Indian *Residents* within the service area. For the Scholarship Program the contractor's service area is defined as the eligible Alaska Native *Enrolled* members of Chenega Bay; the Native Village of Eyak (Cordova); Nanwalek; Port Graham; Tatitlek; and Seward (Qutekcak Native Tribe); and Valdez Native Tribe and their descendents."

### Sec. 5.    TRIBAL SHARES —

(1) The Contractor agrees that the acceptance of Tribal Shares includes the responsibility of all programs, activities, services, and functions associated with the program tribal shares taken by the contractor/tribe, except for those listed by program in the Proposed list of Inherently Federal Functions of the Bureau of Indian Affairs. May 1997. This listing was sent to each tribe and tribal organization by the Deputy Commissioner of Indian Affairs on May 19,1997.

*Chugach Regional Resources Commission*
*Contract No. CTE01X84923*                                **2005 AFA**

(2) The Tribal Shares process is currently under review. FY-05 Tribal Shares are based upon formulas agreed upon for the FY-05 Annual Funding Agreement and DO NOT increase the contractor's Tribal Priority Allocation (TPA) funding. Formulas and process may be different after FY-05 and funding is subject to the availability of funds.

### Sec. 6.   PAYMENT OF FUNDS —

Payments shall be made to the Contractor in advance upon request of the Contractor utilizing the Bureau of Indian Affairs "P-638" payment system. Section 105(b) of the Act is hereby incorporated into this Contract.

### Sec. 7.   INVESTMENT OF FUNDS —

(A) Advanced funds not immediately spent for program activities may be invested only in obligations of the United States or in obligations or securities that are guaranteed or insured by the United States.

(B) If not invested, advanced funds must be deposited into accounts that are insured by an agency or instrumentality of the United States or must be fully collateralized to ensure protection of the funds.

(C) Interest and investment income that accrue on any funds provided for by contract become the property of the grantee.

### Sec. 8. PROGRAMS RETAINED —

(A) GOVERNMENT PERFORMANCE AND RESULTS ACT- "The Chugach Regional Resources Commission agrees to provide applicable data and information to the BIA Alaska Regional Office pursuant to the Government Performance and Results Act of 1993 (P.L. 103-62). Before providing such information, the Chugach Regional Resources Commission will work with its respective Regional Office to determine applicable data and Information needed to meet the requirements pursuant to the Government Performance and Results Act of 1993. (P.L. 103-62)".

### Sec. 9. MOTOR VEHICLE OPERATION POLICY —

*"The Chugach Regional Resources Commission certifies that it will self-administer a motor vehicle operations policy that promotes the safe operation of motor vehicles while performing duties to implement the terms of the funding agreement. The Chugach Regional Resources Commission*

Pl. Exh. 1
CRRC v. Kempthorne, et al.
Page 3 of 37

*Chugach Regional Resources Commission*                    **2005 AFA**
*Contract No. CTE01X84923*

policy is either comparable or superior to the March 19, 2004 Motor Vehicle
Operation Policy for the Bureau of Indian Affairs issued by the Assistant
Secretary- Indian Affairs ".

### Sec. 10   SUBMISSION OF AUDIT REPORTS.—

If a Contractor spends more than $500,000 in total Federal financial assistance
from all sources, the following submission requirements apply.

(A) To fulfill single audit Act requirements.

> (1) Send one copy of the audit report with Form SF-SAC (Data Collection
>     Form) to the Federal Audit Clearinghouse:
>
>       Federal Audit Clearinghouse
>       U.S. Bureau of the Census
>       1201 East Tenth Street
>       Jeffersonville, IN  47132
>
> (2) Submit one additional copy to the Clearinghouse for each funding
>     agency that has a finding, either current or prior year, related to the
>     grant/contracts provided by them.

(B) All contractors/grantees/Self-Governance Tribes must send two copies of
    their audit reports to the Office of Audit and Evaluation to meet the reporting
    requirements of the Indian Self-Determination and Education Assistance Act
    and the Tribally Controlled School Grants Act Interior.  The address is:

>       Office of Audit & Evaluation
>       Office of the Assistant Secretary – Indian Affairs
>       U.S. Department of the Interior
>       Parker Building, 2051 Mercator Drive
>       Reston, VA    21092
>       703-390-6357

### Sec. 11.  AUDIT SANCTIONS.- *Failure to submit the required audit reports will result in the implementation of Audit Sanctions as shown in the following table:*

| Period of Non-compliance | Sanction | Authority |
|---|---|---|
| 1 year | Level 1 sanctions – The tribe or tribal organization will be limited to monthly advance payments of all contract funds, including contract support funds. | OMB Circular A-133 |
| 2 years | Level 2 sanctions – The tribe or tribal | OMB Circular A- |

09/28/2005 13:54 FAX                                                    Ø006/013

*Chugach Regional Resources Commission*                    **2005 AFA**
*Contract No. CTE01X84923*

| | organization will continue on monthly advance payments of all contract funds and all contract support funds will be withheld. | 133 |
|---|---|---|
| 3 years | Level 3 sanctions – BIA will initiate non-emergency program reassumption procedures. | OMB Circular A-133 and 25 USC § 450m |

### Sec. 12.  PURPOSE—

Each provision of the Indian Self-Determination and Education Assistance Act (25 U.S.C. 450 et seq.) and each provision of this Contract shall be liberally construed for the benefit of the Contractor to transfer the funding and the following related functions, services, activities, and programs (or portions thereof), that are otherwise contractible under section 102(a) of such Act, including all related administrative functions, from the Federal Government to the Contractor. Refer to the following programs which have been proposed by the contractor and authorized by resolution referenced in Section 4.

   CFDA No. 15.039 – Fish, Wildlife and Parks Programs on Indian Lands

A.  **CFDA No. 15.039 – Natural Resource:   Fish, Wildlife and Parks**

   (1)   Statutes:

      (i)   Title 25 U.S.C., 13 Snyder Act and acts.

      (ii)   Applicable to Wildlife and Parks
         Agriculture and Agriculture Ex.
         Archeological Resources Protection Act
         Archeological and Historic Preservation /
         Antiquities Act - 1906
         Executive Order 11593 (Protection and enhancement of Cultural Environment)
         Resource Conservation and Recovery Act - 1976
         Federal Land Policy and Management Act
         Surface Mining Control and Reclamation Act - 1977
         Federal Water Pollution Control Act
         Endangered Species Act.

      (iii)   Applicable to Wildlife and Parks and Water Resources
         - Coastal Zone Management Act - 1972
         - National Trails System Act

- U.S./Canada (Inter-Field Office Agreement - DOI) Yukon Salmon Treaty - 1985
- Migratory Bird Treaty
- Cooperative Effort between BIA/BSFW
- MOA-DOI Inter-Field Office Agreement on Policy - Trusteeship Tribal Fishery Resources
- Mineral Leasing Act Amendments - 1973
- Land and Water Conservation Fund Act - 1965
- Marine Mammal Act - 1982
- Estuary Protection Act
- Executive Order 11990 (Wetland Protection)
- Clean Water Act
- Comprehensive Environmental Resource, Compensation, Liability Act (CERCLA) Wild and Scenic Rivers Act - 1969
- Water Resources Planning Act - 1969
- Federal Water Project Recreation Act
- Fish and Wildlife Coordination Act – 1973

(iv)    Applicable to Agriculture and Agriculture Extension
- 48 U.S.C. 250K (Reindeer Act of 1937) AG
- Toxic Substance Control Act
- Forest and Range and Renewable Resources Act
- Federal Insecticide, Fungicide and Rodenticide Act

(2) Regulations:

(i)    25 CFR, Sub Chapter H - Land and Water, Sub Chapter I Energy and Mineral and Sub Chapter J - Fish and Wildlife.

(3) Reports:

(I) .    Quarterly Financial Report
Annual Narrative Report

For each program, the contractor will provide the necessary personnel, facilities, equipment, and supplies, except as otherwise specified, which are required to fulfill the objectives of this program activity portion of the contract within the contract service area.

## Sec. 13.   *AUTOMATED INFORMATION TECHNOLOGY TRAINING.*–

"*Automated Information Technology Training.* Prior to being granted access to DOI automated information technology systems, Contractor employees will successfully complete BIA automated technology systems training, the costs of which will be met by the BIA."

*Chugach Regional Resources Commission*   **2005 AFA**
*Contract No. CTE01X84923*

### Sec. 14. TRUST PROGRAMS RECORDS MANAGEMENT.-

"*Trust Programs Records Management.* The Contractor agrees to preserve and maintain records that adequately and properly document performance of Federal Indian trust functions under federal regulations in Title 25 of the CFR. The Contractor and the Department of the Interior agree to work cooperatively in records creation, maintenance and disposition, and training activities, and to address trust records issues and activities in accordance with Executive Order # 13175 (Consultation and Coordination with Indian Tribal Governments) and the BIA Government-to-Government Consultation Policy."

### Sec. 16. USE OF FUNDS SANCTIONS.-

Failure to maintain the integrity of contract funds shall result in imposition of one or more of the following sanctions:

(a) Pursuant to Section 5(d) of Public Law 93-638, as amended (25 USC 450c(d)), funds paid to the Contractor and not used for the purposes for which they were paid shall be repaid to the Treasury of the United States; and,

(b) Cancellation of Advance Payment methodology and invocation of payments on a cost-reimbursable basis.

(c) Sanctions shall remain in place until the Contractor provides assurance that the impropriety, which resulted in the imposition of sanctions, has been rectified and will not reoccur.

*Chugach Regional Resources Commission*
*Contract No. CTE01X84923*                    **2005 AFA**

*Chugach Regional Resources Commission*

By: _____
                                    Date

*United States of America*
*Department of the Interior*
*Bureau of Indian Affairs*

By: _____
        Awarding Official              Date
        Certificate No. BIA-2004-L1-000059

**U.S. DEPARTMENT OF THE INTERIOR**
**BUREAU OF INDIAN AFFAIRS**
**Alaska Region**

| Indian Self-Determination Contract Modification | | | | | |
|---|---|---|---|---|---|
| 1. Contract Number<br>**CTE01X84922** | 2. Effective Date<br>September 29, 2005 | | 3. Modification Number:<br>**Two (2)** | Page of<br>1 | Pages<br>3 |
| 4. Issued To:<br><br>**Chugach Regional Resources Commission**<br>4201 Tudor Centre Drive, Suite 300<br>Anchorage, Alaska 99508-5915 | | | 5. Issued By:<br>Bureau of Indian Affairs, Alaska Region<br>Branch of Contracting<br>P.O. Box 25520<br>Juneau, Alaska 99802-5520 | | |
| Tele: (907) 562-6647      FAX: (907) 562-4939 | | | Phone: (800) 645-8397      Fax: (907) 586-7525 | | |

6. This Public Law 93-638 contract is hereby modified as follows:

**I. ANNUAL FUNDING AGREEMENT:**

This FY-2005 AFA is hereby increased from:        347,000
by:  $       70,984

for a new FY-2005 Total of:  $       417,984

**II. COST REIMBURSABLE PROGRAMS:**

0   Remains unchanged. CFDA 15.039 Awarded at the FY-2005 Resource Management program funds to 100%.

0   Remains unchanged. CFDA 15.034 Awarded at the FY-2005 Natural Resources program funds to 100%.

0

**III. INDIRECT COSTS:**

570,984  Contract Support reflects application of Chugach Regional Resources Commission approved Indirect Cost Rate Agreement, applicable to the period 10/01/04 through 09/30/05 and is funded at the Final Allocation Level of 90.233%.

**IV. CONTRACT TOTAL.**

FY-2005  $      417,984
FY-2006  $            -
FY-2007  $            -
$      417,984  *Contract Total*

**V. THIS IS THE FIRST YEAR OF A THREE YEAR TERM CONTRACT.**

*All other terms and conditions of this contract shall remain the same.*

| 7. Signatures: Contractor is required to sign: | Yes ( XX )      No ( ) | |
|---|---|---|
| | | |
| Signature                                    Date | Signature                                    Date | |
| | Darryl G. Guthrie, Awarding Official<br>Certificate No. BIA-2004-L1-000059 | |
| Printed Name and Title | Printed Name and Title | |

Chugach Regional Resources Commission
CONTRACT NO.: CTE01X84922
MODIFICATION Two (2)
FY-2005 Annual Funding Agreement

**PART D - CONTRACT SUPPORT FUNDS**                                   Page 3

| | Program Amount | | Approved Indirect Rate | | | | Contract Support Limitation | | Contract Support Funding |
|---|---|---|---|---|---|---|---|---|---|
| Chugach Reg. Shellfish Mariculture | 59,500 | x | 27.70% | = | 16,482 | x | 90.233% | = | 14,872 |
| Contractual | 18,700 | x | 27.70% | = | 5,180 | x | 90.233% | = | 4,674 |
| Nanwalek Sockeye Salmon Dev. P. | 17,500 | x | 27.70% | = | 4,848 | x | 90.233% | = | 4,374 |
| Contractual | 1,500 | x | 27.70% | = | 416 | x | 90.233% | = | 375 |
| Port Graham Pink Salmon Project | 0 | x | 27.70% | = | 0 | x | 90.233% | = | 0 |
| Contractual | 53,000 | x | 0.00% | = | 0 | x | 90.233% | = | 0 |
| Contractual/applied 2005 NICR | 25,000 | x | 27.70% | = | 6,925 | x | 90.233% | = | 6,249 |
| Program Development | 70,895 | x | 27.70% | = | 19,638 | x | 90.233% | = | 17,720 |
| Contractual | 10,000 | x | 0.00% | = | 0 | x | 90.233% | = | 0 |
| Contractual/applied 2005 NICR | 25,000 | x | 27.70% | = | 6,925 | x | 90.233% | = | 6,249 |
| Administrative Program | 43,400 | x | 27.70% | = | 12,022 | x | 90.233% | = | 10,848 |
| Rent | 20,000 | x | 27.70% | = | 5,540 | x | 90.233% | = | 4,999 |
| Bookkeeping Services | 2,505 | x | 27.70% | = | 694 | x | 90.233% | = | 625 |
| **TOTAL** | **347,000** | | | | **78,668** | | | | **70,984** |

Contract Support reflects application of Chugach Regional Resources Commission approved indirect Cost Rate Agreement, applicable to the period 10/01/04 through 09/30/05 and is funded at the Final Allocation Level of 90.233%.

Pursuant to the Bureau's Contract Support Policy, Contractor is required to apply for and negotiate an indirect rate for FY-2005 and future years.

Program Funding received after June 15, 2005 is not eligible for Contract Support Funding.

CHUGACH REGIONAL RESOURCES COMMISSION
CONTRACT NO: CTE01X84923
FY-2005 Annual Funding
MODIFICATION TWO (2)

Page 2

| Acctg Line | | | | | | Prior Funding Level | Changes + or <-> | Current Funding Level | Program Total |
|---|---|---|---|---|---|---|---|---|---|
| | CFDA No. 15.039: Tribal Management and Development Programs: | | | | | | | | 347,000 |
| 001 | E00460 | 0508 | 31970 | 252i | 5E00460024 | 341,156 | 0 | 341,156 | |
| 002 | E00460 | 0508 | 39605 | 252i | 5E00460024 | 5,844 | 0 | 5,844 | |
| | | | Total Program Funding | | | 347,000 | 0 | 347,000 | 347,000 |
| | CFDA 15.024 - Indirect Costs | | | | | | | | 70,984 |
| 003 | E00460 | 0508 | 39270 | 252i | | 0 | 70,984 | 70,984 | |
| | | | TOTALS | | | $347,000 | 70,984 | $417,984 | $417,984 |

Pl. Exh. 1
CRRC v. Kempthorne, et al.
Page 11 of 37

## FY 2005 Chugach Regional Resources Commission (E01260)

### FY 2005 Approved Budgets

| | Chugach Reg. Shellfish Mari. Development | Nanwalek S.Salmon Dev. Proj. | Port Graham Pink Salmon Hatchery | Program Development | Administrative Program | Total |
|---|---|---|---|---|---|---|
| Village Project Coordinator | | 7,200 | | | | 7,200 |
| Smolt weir Crew | | 5,000 | | | | 5,000 |
| Salaries | 30,000 | | | 45,000 | 25,000 | 100,000 |
| Fringe | 8,000 | 1,880 | | 13,500 | 7,500 | 31,830 |
| Travel & Per diem | 5,000 | 1,000 | | 10,000 | 6,000 | 22,000 |
| Contractual | 18,700 | 1,500 | 78,000 | 35,000 | | 133,200 |
| Weir Supplies | | 1,500 | | | | 1,500 |
| Freight | | 970 | | | | 970 |
| Supplies | 15,000 | | | 1,000 | 800 | 16,800 |
| Telephone | | | | 1,395 | 800 | 2,195 |
| Postage | | | | | 800 | 800 |
| Insurance | | | | | 2,500 | 2,500 |
| Rent | | | | | 20,000 | 20,000 |
| Bookkeeping Services | | | | | 2,506 | 2,505 |
| Miscellaneous expense | 500 | | | | | 500 |
| | | | | | | |
| Sub Budgets | 78,200 | 19,000 | 78,000 | 105,895 | 65,905 | 347,000 |
| Additional Funding | | | | | | |
| Staff Budget | | | | | | |
| Contract Support | | | | | | 70,984 |
| Total Award | | | | | | 417,984 |

### Mod 2

**2005 FUNDING SOURCES**

| | |
|---|---|
| Natural Res. | 347,000 |
| Subtotal | 347,000 |
| Subtotal | 0 |
| Total FY2005 | 347,000 |

| Awards | 347,000 |
|---|---|
| Award | 125,000 |
| Mod 1 | 222,000 |
| Mod 2 | 70,984 |
| Total Awarded | 417,984 |

9/29/2005

Pl. Exh. 1
CRRC v. Kempthorne, et al.
Page 12 of 37



# United States Department of the Interior

### OFFICE OF THE SOLICITOR
Washington, D.C. 20240

Reply to:
1849 C St., N.W., Mail Stop 6456
Washington, D.C. 20240

# Fax Transmission
## Number of pages: Cover + 12

*If you get this fax by mistake,* please tell Sabrina McCarthy at 202-219-2139 and destroy the fax. This fax is meant only for the person to whom it is addressed. Thanks for your help.

| | | Fax | Phone |
|---|---|---|---|
| **Date:** | September 29, 2005, 1:50 p.m. ET | | |
| **To:** | Melanie Osborne | 907-272-8332 | 907-258-6377 |
| **From:** | Sabrina A. McCarthy | 202-208-4115 | 202-219-2139 |
| **Re:** | Amended 2005 Annual Funding Agreement and Amended Contract Modification No. 2 (showing calculation of contract support funds) | | |

Melanie,
Attached are copies of the amended 2005 annual funding agreement and amended contract modification no. 2 that the awarding official, Norma Jean Dunne, has prepared. She is faxing these documents to the Chugach Regional Resources Commission (the "Commission").

Ms. Dunne hopes to get back a signed copy of the amended 2005 Annual Funding Agreement from the Commission by fax before the close of business on Friday, September 30, 2005.

The contract support funds will be distributed to the Commission after the end of Fiscal Year 2005.

Please call me at 202-219-2139 if you have questions.
Thanks!
Sabrina

Pl. Exh. 1
CRRC v. Kempthorne, et al.
Page 13 of 37

U.S. DEPARTMENT OF THE INTERIOR
BUREAU OF INDIAN AFFAIRS
ALASKA REGION OFFICE
INDIAN SELF-DETERMINATION CONTRACT AWARD

**Contractor Copy**

| 1. Contract Number: CTE01X84923 | 2. Effective Date: **October 1, 2004** | 3. Term Date: **September 30, 2007** |
|---|---|---|

| 4. Issued To: **Chugach Regional Resources Commission** 6200 Lake Otis Parkway, Suite 201 Anchorage, Alaska 99507  Tele: (907) 562-6647   FAX: (907) 562-4939 | 5. Issued By: Bureau of Indian Affairs, Juneau Area Branch of Contracting P. O. Box 25520 Juneau, Alaska 99802-5520 Tele: 800/645-8397      FAX 907/ 586-7525 |
|---|---|

**6. Contents of Contract**

| Item | | Page No. |
|---|---|---|
| SCHEDULE | Section (a) - Authority and Purpose | 1 |
| | Section (b) - Terms, Provisions & Conditions | 1 |
| | Section (c) - Obligations of the Tribe | 8 |
| | Section (d) - Obligations of the United States | 9 |
| | Section (e) - Other Provisions | 9 |
| | Section (f) - Attachments | 11 |

**7. ATTACHMENTS:** The following are hereby incorporated into this Contract.

| Attachment 1 | Tribal Resolutions |
|---|---|
| Attachment 2 | Annual Funding Agreement |
| Attachment 3 | Accounting & Appropriation Data |
| Attachment 4 | Scopes of Work |
| Attachment 5 | P-638 Payment Information |

This Contract is hereby awarded pursuant to the Indian Self-Determination and Education Assistance Act (P.L. 93-638, as amended); 25 U.S.C. 450 et. seq; which Act is hereby incorporated into this contract. This contract includes the programs, activities, and funding identified in the attached annual funding agreement for each year of the contract term, and is otherwise subject to the terms and conditions included herein.

**8. TOTAL AMOUNT OF CONTRACT   $      125,000**

| 9. For the CONTRACTOR: | 10. For the BUREAU OF INDIAN AFFAIRS: |
|---|---|
| Signature _Patricia K Brown Schixelenberg_   Date 1-4-05 | Signature _Darryl J. Guthrie_   Date 12/23/04 |
| Printed Name and Title | Printed Name and Title |
| Patricia K. Brown-Schixelenberg Executive Director | Darryl G. Guthrie, Awarding Official Certificate No. BIA-2004-L1-000059 |

*CHUGACH REGIONAL RESOURCES COMMISSION*
Contract No. CTE01X84923                                          Award

# CONTRACT AGREEMENT
# No. CTE01X84923

### BETWEEN

# THE SECRETARY OF THE DEPARTMENT OF THE INTERIOR

### AND

# CHUGACH REGIONAL RESOURCES COMMISSION

## OCTOBER 1, 2004

Pl. Exh. 1
CRRC v. Kempthorne, et al.
Page 15 of 37

*CHUGACH REGIC    L RESOURCES COMMISSION*
Contract No. CTE01X849∠3                                            Award

# TABLE OF CONTENTS

## (a) Authority and Purpose

1.  Authority                                                        1
2.  Purpose                                                          1

## (b) Terms, Provisions and Conditions

1.   Term                                                            1
2.   Effective Date                                                  2
3.   Program Standards                                               2
4.   Funding Amount                                                  2
5.   Limitation of Costs                                             2
6.   Payment                                                         2
7.   Records and Monitoring                                          3
8.   Property                                                        4
9.   Availability of Funds                                           5
10.  Transportation                                                  6
11.  Federal Program Guidelines, Manuals or
     Policy Directives                                               6
12.  Disputes                                                        6
13.  Administrative Procedures of the Contractor                     7
14.  Successor Annual Funding Agreement                              7
15.  Contract Requirements; Approval by Secretary                    7

## (c) Obligation of the Contractor

1.  Contract Performance                                             8
2.  Amount of Funds                                                  8
3.  Contracted Programs                                              8
4.  Trust Services for Individual Indians                            8
5.  Fair and Uniform Services                                        9

## (d) Obligation of the United States

1.  Trust Responsibility                                             9
2.  Programs Retained                                                9

Pl. Exh. 1
CRRC v. Kempthorne, et al.
Page 16 of 37

## (e) Other Provisions

1.  Designated Officials                         9
2.  Contract Modifications or Amendments         9
3.  Officials Not to Benefit                    10
4.  Covenant Against Contingent Fees            10
5.  Cost Principles and Audits                  10
6.  Investment of Funds                         10
7.  Submission of Audit Reports                 11

## (f) Attachments

                                                11

1   Approval of Contract                        11
2.  Annual Funding Agreement                    12

Approval of Contract (Tribal Resolutions)      Attachment 1
Annual Funding Agreement                        Attachment 2
Accounting & Appropriation Data                 Attachment 3
Scopes of Work                                  Attachment 4

*CHUGACH REGIONAL RESOURCES COMMISSION*
Contract No. CTE01X84y23                                                    Award

# AGREEMENT BETWEEN

# THE SECRETARY of INTERIOR

# and

# CHUGACH REGIONAL RESOURCES COMMISSION

## (a) *AUTHORITY AND PURPOSE.--*

(1) **AUTHORITY.--** This agreement, denoted a Self-Determination Contract (referred to in this agreement as the "Contract"), is entered into by the Secretary of the Interior (referred to in this agreement as the "Secretary"), for and on behalf of the United States pursuant to title I of the Indian Self-Determination and Education Assistance Act (25 U.S.C. 450 et seq.) and by the authority of **CHUGACH REGIONAL RESOURCES COMMISSION** (referred to in this agreement as the "Contractor"). The provisions of title I of the Indian Self-Determination and Education Assistance Act (25 U.S.C. 450 et seq.) are incorporated in this agreement.

(2) **PURPOSE.--** Each provision of the Indian Self-Determination and Education Assistance Act (25 U.S.C. 450 et seq.) and each provision of this Contract shall be liberally construed for the benefit of the Contractor to transfer the funding and the following related functions, services, activities, and programs (or portions thereof), that are otherwise contractible under section 102(a) of such Act, including all related administrative functions, from the Federal Government to the Contractor: **Refer to the Annual Funding Agreement, Attachment 2.**

**CHUGACH REGIONAL RESOURCES COMMISSION**
Contract No. CTE01X8423                                                    Award

## (b) TERMS, PROVISIONS AND CONDITIONS.-

(1) **TERM.--** Pursuant to section 105(c)(1) of the Indian Self-Determination and Education Assistance Act (25 U.S.C. 450j(c)(1)), the term of this Contract shall be for **Three (3) years** on 105(d)(1) of such Act (25 U.S.C. 450j(d)), upon the election by the Contractor, the period of this Contract shall be determined on a basis of a calendar year, unless the Secretary and the Contractor agree on a different period in the annual funding agreement incorporated by reference in subsection (f)(2).

(2) **EFFECTIVE DATE.--** This Contract shall become effective October 1, 2004 and shall extend through September 30, 2007.

(3) **PROGRAM STANDARDS.--** The Contractor agrees to administer the program, services, functions and activities (or portions thereof) listed in subsection (a) (2) of the Contract in conformity with the standards listed in the Annual Funding Agreement, Attachment 2.

(4) **FUNDING AMOUNT.--** Subject to the availability of appropriations, the Secretary shall make available to the Contractor the total amount specified in the Annual Funding Agreement incorporated by reference in subsection (f)(2). Such amount shall not be less than the applicable amount determined pursuant to section 106(a) of the Indian Self-Determination and Education Assistance Act (25 U.S.C. 450j-1).

(5) **LIMITATION OF COSTS.-** The Contractor shall not be obligated to continue performance that requires an expenditure of funds in excess of the amount of funds awarded under this Contract. If, at any time, the Contractor has reason to believe that the total amount required for performance of this Contract or a specific activity conducted under this Contract would be greater than the amount of funds awarded under this Contract, the Contractor shall provide reasonable notice to the Secretary. If the Secretary does not take such action as may be necessary to increase the amount of funds awarded under this Contract, the Contractor may suspend performance of the Contract until such time as additional funds are awarded.

(6) **PAYMENT.-**

(A)   IN GENERAL-- Payments to the Contractor under this Contract shall:

(i)    be made as expeditiously as practicable; and

(ii)   include financial arrangements to cover funding during periods covered by joint resolutions adopted by Congress making continuing appropriations, to the extent permitted by such resolutions.

(B)   **QUARTERLY, SEMIANNUAL, LUMP-SUM, AND OTHER METHODS OF PAYMENT.-**

(i) **IN GENERAL.**—Pursuant to section 108(b) of the Indian Self-Determination and Education Assistance Act, and notwithstanding any other provision of law, for each fiscal year covered by this Contract, the Secretary shall make available to the Contractor the funds specified for the fiscal year under the Annual Funding Agreement incorporated by reference pursuant to subsection (f)(2) by paying to the Contractor, on a quarterly basis, one-quarter of the total amount provided for in the annual funding agreement for that fiscal year, in a lump-sum payment or as semiannual payments, or any other method of payment authorized by law, in accordance with such method as may be requested by the Contractor and specified in the Annual Funding Agreement.

(ii) **METHOD OF QUARTERLY PAYMENT.**--If quarterly payments are specified in the Annual Funding Agreement incorporated by reference pursuant to subsection (f)(2), each quarterly payment made pursuant to clause (i) shall be made on the first day of each quarter of the fiscal year, except that in any case in which the Contract year coincides with the Federal fiscal year, payment for the first quarter shall be made not later than the date that is 10 calendar days after the date on which the Office of Management and Budget apportions the appropriations for the fiscal year for the programs, services, functions, and activities subject to this Contract.

(iii) **APPLICABILITY.** Chapter 39 of title 31, United States Code, shall apply to the payment of funds due under this Contract and the Annual Funding Agreement referred to in clause (i).

(7)   **RECORDS AND MONITORING.—**

(A)   **IN GENERAL.**-- Except for previously provided copies of tribal records that the Secretary demonstrates are clearly required to be maintained as part of the record keeping system of the Department

of the Interior, records of the Contractor shall not be considered Federal records for purposes of chapter 5 of title 5, United States Code.

(B)    **RECORDKEEPING SYSTEM.—** The Contractor shall maintain a record keeping system and, upon reasonable advance request, provide reasonable access to such records to the Secretary.

(C)    **RESPONSIBILITIES OF THE CONTRACTOR.—** The Contractor shall be responsible for managing the day-to-day operations conducted under this Contract and for monitoring activities conducted under this Contract to ensure compliance with the Contract and applicable Federal requirements. With respect to the monitoring activities of the Secretary, the routine monitoring visits shall be limited to not more than one performance monitoring visit for this Contract by the head of each operating division, departmental bureau, or departmental agency, or duly authorized representative of such head unless—

(i) the Contractor agrees to one or more additional visits; or
(ii) the appropriate official determines that there is reasonable cause to believe that grounds for reassumption of the Contract, suspension of Contract payments, or other serious Contract performance deficiency may exist.

No additional visit referred to in clause (ii) shall be made until such time as reasonable advance notice that includes a description of the nature of the problem that requires the additional visit has been given to the Contractor.

**(8) PROPERTY.—**

(A)    **IN GENERAL.—** As provided in section 105(f) of the Indian Self-Determination and Education Assistance Act (25 U.S.C. 450j(f)), at the request of the Contractor, the Secretary may make available, or transfer to the Contractor, all reasonably divisible real property, facilities, equipment, and personal property that the Secretary has used to provide or administer the programs, services, functions, and activities covered by this Contract. A mutually agreed upon list specifying the property, facilities, and equipment so furnished shall also be prepared by the Secretary, with the concurrence of the Contractor, and periodically revised by the Secretary, with the concurrence of the Contractor.

(B)    **RECORDS.--** The Contractor shall maintain a record of all property referred to in subparagraph (A) or other property acquired by the Contractor under section 105(f)(2)(A) of such Act for purposes of replacement.

(C)    **JOINT USE AGREEMENTS.--** Upon the request of the Contractor, the Secretary and the Contractor shall enter into a separate joint use agreement to address the shared use by the parties of real or personal property that is not reasonably divisible.

(D)    **ACQUISITION OF PROPERTY.--** The Contractor is granted the authority to acquire such excess property as the Contractor may determine to be appropriate in the judgment of the Contractor to support the programs, services, functions, and activities operated pursuant to this Contract.

(E)    **CONFISCATED OR EXCESS PROPERTY.--** The Secretary shall assist the Contractor in obtaining such confiscated or excess property as may become available to tribes, tribal organizations, or local governments.

(F)    **SCREENER IDENTIFICATION CARD.--** A screener identification card (General Services Administration form numbered 2946) shall be issued to the Contractor not later than the effective date of this Contract. The designated official shall, upon request, assist the Contractor in securing the use of the card.

(G)    **CAPITAL EQUIPMENT.--** The Contractor shall determine the capital equipment, leases, rentals, property, or services the Contractor requires to perform the obligations of the Contractor under this subsection, and shall acquire and maintain records of such capital equipment, property rentals, leases, property, or services through applicable procurement procedures of the Contractor.

(9)    **AVAILABILITY OF FUNDS.--** Notwithstanding any other provision of law, any funds provided under this Contract:

(A)    Shall remain available until expended; and

(B)    with respect to such funds, no further:

(i) approval by the Secretary, or

(ii) justifying documentation from the Contractor, shall be required prior to the expenditure of such funds.

**(10) TRANSPORTATION.**—Beginning on the effective date of this Contract, the Secretary shall authorize the Contractor to obtain interagency motor pool vehicles and related services for performance of any activities carried out under this Contract.

**(11) FEDERAL PROGRAM GUIDELINES, MANUALS, OR POLICY DIRECTIVES.**—Except as specifically provided in the Indian Self-Determination and Education Assistance Act (25 U.S.C. 450 et seq.) the Contractor is not required to abide by program guidelines, manuals, or policy directives of the Secretary, unless otherwise agreed to by the Contractor and the Secretary, or otherwise required by law.

**(12) DISPUTES.**—

    **(A)** **THIRD-PARTY MEDIATION DEFINED.**—For the purposes of this Contract, the term "Third-Party Mediation" means a form of mediation whereby the Secretary and the Contractor nominate a third party who is not employed by or significantly involved with the Secretary of the Interior, or the Contractor, to serve as a third-party mediator to mediate disputes under this Contract.

    **(B)** **ALTERNATIVE PROCEDURES.**— In addition to, or as an alternative to, remedies and procedures prescribed by section 110 of the Indian Self-Determination and Education Assistance Act (25 U.S.C. 450m-1), the parties to this Contract may jointly:

        (i) submit disputes under this Contract to third-party mediation;
        (ii) submit the dispute to the adjudicatory body of the Contractor, including the tribal court of the Contractor;
        (iii) submit the dispute to mediation processes provided for under the laws, policies, or procedures of the Contractor; or
        (iv) use the administrative dispute resolution processes authorized in subchapter IV of chapter 5 of title 5, United States Code.
        **EFFECT OF DECISIONS.**— The Secretary shall be bound by decisions made pursuant to the procedures set forth in subparagraph (B), except that the Secretary shall not be bound by any decision that significantly conflicts with the interests of Indians or the United States.

**(13) ADMINISTRATIVE PROCEDURES OF THE CONTRACTOR. --** Pursuant to the Indian Civil Rights Act of 1968 (25 U.S.C. 1301 et seq.), the laws, policies, and procedures of the Contractor shall provide for administrative due process (or the equivalent of administrative due process) with respect to programs, services, functions, and activities that are provided by the Contractor pursuant to this Contract.

## (14) SUCCESSOR ANNUAL FUNDING AGREEMENT.--

(A) **IN GENERAL.--** Negotiations for a successor Annual Funding Agreement provided for in subsection (f) (2), shall begin not later than 120 days prior to the conclusion of the preceding Annual Funding Agreement. Except as provided in section 105(c)(2) of the Indian Self-Determination and Education Assistance Act (25 U.S.C. 450j(c)(2)) the funding for each such successor Annual Funding Agreement shall only be reduced pursuant to section 106(b) of such Act (25 U.S.C. 450j-1(b)).

(B) **INFORMATION.--** The Secretary shall prepare and supply relevant information, and promptly comply with any request by the Contractor for information that the Contractor reasonably needs to determine the amount of funds that may be available for a successor Annual Funding Agreement, as provided for in subsection (f)(2) of this Contract.

## (15) CONTRACT REQUIREMENTS; APPROVAL BY SECRETARY.-

(A) **IN GENERAL.--** Except as provided in subparagraph (B), for the term of the Contract, section 2103 of the Revised Statutes (25 U.S.C. 81) and section 16 of the Act of June 18, 1934 (48 Stat. 937, chapter 576; 25 U.S.C. 475; 25 U.S.C. 476), shall not apply to any contract entered into in connection with this Contract.

(B) **REQUIREMENTS.--** Each contract entered into by the Contractor with a third party in connection with performing the obligations of the Contractor under this Contract shall:

(i)  be in writing;
(ii)  identify the interested parties, the authorities of such parties, and purpose of the Contract;
(iii)  state the work to be performed under the Contract; and
(iv)  state the process for making any claim, the payments to be made, and the terms of the Contract, which shall be fixed.

## (c) OBLIGATION OF THE CONTRACTOR.--

(1) **CONTRACT PERFORMANCE.--** Except as provided in subsection (d)(2), the Contractor shall perform the services, functions, and activities as provided in the Annual Funding Agreement under subsection (f)(2) of this Contract.

(2) **AMOUNT OF FUNDS.--** The total amount of funds to be paid under this Contract pursuant to section 106(a) shall be determined in an Annual Funding Agreement entered into between the Secretary and the Contractor, which shall be incorporated into this Contract.

(3) **CONTRACTED PROGRAMS.--** Subject to the availability of appropriated funds, the Contractor shall administer the programs, services, functions, and activities identified in this Contract and funded through the Annual Funding Agreement under subsection (f)(2).

(4) **TRUST SERVICES FOR INDIVIDUAL INDIANS.--**

(A) **IN GENERAL.--** To the extent that the Annual Funding Agreement provides funding for the delivery of trust services to individual Indians that have been provided by the Secretary, the Contractor shall maintain at least the same level of service as the Secretary provided for such individual Indians, subject to the availability of appropriated funds for such services.

(B) **TRUST SERVICES TO INDIVIDUAL INDIANS.--** For the purposes of this paragraph only, the term "trust services for individual Indians" means only those services that pertain to land or financial management connected to individually held allotments.

(5) **FAIR AND UNIFORM SERVICES.--** The Contractor shall provide services under this Contract in a fair and uniform manner and shall provide access to an administrative or judicial body empowered to adjudicate or otherwise resolve complaints, claims, and grievances brought by program beneficiaries against the Contractor arising out of the performance of the Contract.

## *(d) OBLIGATION OF THE UNITED STATES.--*

### (1) TRUST RESPONSIBILITY.—

**(A) IN GENERAL.--** The United States reaffirms the trust responsibility of the United States to the *CHUGACH REGIONAL RESOURCES COMMISSION* to protect and conserve the trust resources of the Indian Tribe and the trust resources of individual Indians.

**(B) CONSTRUCTION OF CONTRACT.--** Nothing in this Contract may be construed to terminate, waive, modify, or reduce the trust responsibility of the United States to the tribe or individual Indians. The Secretary shall act in good faith in upholding such trust responsibility.

### (2) PROGRAMS RETAINED.— As specified in the Annual Funding Agreement, the United States hereby retains the programs, services, functions, and activities with respect to the Tribe(s) that are not specifically assumed by the Contractor in the Annual Funding Agreement, under subsection (f)(2).

## *(e) OTHER PROVISIONS.--*

### (1) DESIGNATED OFFICIALS.-- Not later than the effective date of this Contract, the United States shall provide to the Contractor, and the Contractor shall provide to the United States, a written designation of a senior official to serve as a representative for notices, proposed amendments to the Contract, and other purposes for this Contract.

### (2) CONTRACT MODIFICATIONS OR AMENDMENTS.--

**(A) IN GENERAL.--** Except as provided in subparagraph (B), no modification to this Contract shall take effect unless such modification is made in the form of a written amendment to the Contract, and the Contractor and the Secretary provide written consent for the modification.

**(B) EXCEPTION.--** The addition of supplemental funds for programs, functions, and activities (or portions thereof) already included in the Annual Funding Agreement under subsection (f) (2), and the reduction of funds pursuant to section 106(b)(2), shall not be subject to subparagraph (A).

**CHUGACH REGI   AL RESOURCES COMMISSION**
Contract No. CTE01X84╌23                                                              Award

(3) **OFFICIALS NOT TO BENEFIT.**— No Member of Congress, or resident
commissioner, shall be admitted to any share or part of any contract
executed pursuant to this Contract, or to any benefit that may arise from
such contract.   This paragraph may not be construed to apply to any
contract with a third party entered into under this Contract if such contract is
made with a corporation for the general benefit of the corporation.

(4) **COVENANT AGAINST CONTINGENT FEES.**— The parties warrant
that no person or selling agency has been employed or retained to solicit or
secure any contract executed pursuant to this Contract upon an agreement
or understanding for a commission, percentage, brokerage, or contingent
fee, excepting bona fide employees or bona fide established commercial or
selling agencies maintained by the Contractor for the purpose of securing
business.

(5) **COST PRINCIPLES AND AUDITS.**— The Contractor shall comply
with the following:

   (A)   The costs of this Contract and each Annual Funding Agreement
consist of the direct and contract support costs, including indirect
costs, incurred in the performance of this Contract and each Annual
Funding Agreement, determined in accordance with the cost principles
set forth in OMB Circular A-87, except as modified by section 106(k) of
the Act.

   (B)   Audits shall be performed in accordance with OMB Circular A-133.
Any claim by the Federal Government against the Tribe based on any
audit under this section shall be subject to the provisions of section
106(f) of the Act.

(6) **INVESTMENT OF FUNDS**

   (A)   Advanced funds not immediately spent for program activities may be
invested only in obligations of the United States or in obligations or
securities that are guaranteed or insured by the United States.

   (B)   If not invested, advanced funds must be deposited into accounts that
are insured by an agency or instrumentality of the United States or
must be fully collateralized to ensure protection of the funds.

   (C)   Interest and investment income that accrue on any funds provided for
by contract become the property of the grantee.

**CHUGACH REGI    AL RESOURCES COMMISSION**
Contract No. CTE01X84◦23                                                    Award

### (7)  SUBMISSION OF AUDIT REPORTS

If a grantee spends more than $500,000 in total Federal financial assistance form all sources, the following submission requirements apply.

    (A)  To fulfill single audit Act requirements.

        (i)  Send one copy of the audit report with Form SF-SAC (Data Collection Form) to the Federal Audit Clearinghouse:

           Federal Audit Clearinghouse
           U.S. Bureau of the Census
           1201 East Tenth Street
           Jeffersonville, IN  47132

        (ii)  submit one additional copy to the Clearinghouse for <u>each</u> funding agency that has a finding, either current or prior year, related to the grant/contracts provided by them.

    (B)  All contractors/grantees/Self-Governance Tribes must send two copies of their audit reports to the Office of Audit and Evaluation to meet the reporting requirements of the Indian Self-Determination and Education Assistance Act and the Tribally Controlled School Grants Act Interior. The address is:

        U.S. Department of the Interior
        Office of Audit & Evaluation
        2051 Mercator Drive, Parker Building
        Reston, VA 20191

## (f) ATTACHMENTS.—

### (1)  APPROVAL OF CONTRACT.— Unless previously furnished to the Secretary, the resolution(s) of **CHUGACH REGIONAL RESOURCES COMMISSION** authorizing the contracting of the programs, services, functions, and activities identified in this Contract are attached to this Contract as Attachment 1.

### (2)  ANNUAL FUNDING AGREEMENT.—

    (A)  IN GENERAL.— The Annual Funding Agreement under this Contract shall only contain-

Pl. Exh. 1
CRRC v. Kempthorne, et al.
Page 28 of 37

    (i)  terms that identify the programs, services, functions, and activities to be performed or administered, the general budget category assigned, the funds to be provided, and the time and method of payment; and

    (ii)  such other provisions, including a brief description of the programs, services, functions, and activities to be performed (including those supported by financial resources other than those provided by the Secretary), to which the parties agree.

  (B)  **INCORPORATION BY REFERENCE.—** The Annual Funding Agreement is hereby incorporated in its entirety in this Contract and attached to this Contract as Attachment 2.

Pl. Exh. 1
CRRC v. Kempthorne, et al.
Page 29 of 37

# ATTACHMENT 2.

# ANNUAL FUNDING AGREEMENT

Pl. Exh. 1
CRRC v. Kempthorne, et al.
Page 30 of 37

# FISCAL YEAR 2005

# ANNUAL FUNDING AGREEMENT

## BETWEEN

# CHUGACH REGIONAL
# RESOURCES COMMISSION

## AND

## THE UNITED STATES OF AMERICA
## SECRETARY OF THE
## DEPARTMENT OF THE INTERIOR

### Sec. 1.    AUTHORITY AND PURPOSE —

This Annual Funding Agreement is executed by and between **Chugach Regional Resources Commission** (hereafter the "Contractor") and the Bureau of Indian Affairs (hereafter the "BIA"), pursuant to Title I of the Indian Self-Determination and Education Assistance Act, as amended, and is incorporated into and governed by the Tribal Contract (hereafter the "Contract") between the Contractor and BIA **dated October 1, 2004.**   Pursuant to the terms of this Agreement, the Contractor is authorized to plan, conduct, and administer the programs, functions, services and activities identified in **Section 10** below.

### Sec. 2.    EFFECTIVE DATE AND TERM —

This Agreement shall become effective **October 1, 2004** and shall extend through **September 30, 2005.**

*Chugach Region... Resources Commission*
*Contract No. CTE01X84923*

**2005 AFA**

### Sec. 3.   AMOUNT OF FUNDS —

The Bureau of Indian Affairs shall provide the Contractor **the amount of $125,000.00** in accordance with Section (b)(4) of the Contract.  Accounting and appropriation data is set forth in Attachment 1.

*No Contract Support Funds have been appropriated for support of this contract. Section 106(a)(2) of the Indian Self-Determination and Education Assistance Act does not apply to this contract.  Funding for indirect costs shall be budgeted within the available direct program funding identified in the Annual Funding Agreement.*

### Sec. 4.   SERVICE AREA —

The Contractor agrees to administer the programs, services, functions and activities (or portions thereof) listed in **Section 10** of this Annual Funding Agreement in the following service area:

|  | Resolution No. |
|---|---|
| **Chugach Regional Resources Commission** | **Resolution No. 04-01** |
| **Chenega Bay** | **Resolution No. 93-09** |
| **Native Village of Eyak** | **Resolution No. 93-6-1** |
| **Nanwalek** | **Resolution No. 93-09** |
| **Native Village of Port Graham** | **Resolution No. 93-10** |
| **Tatitlek Village IRA Council** | **Resolution No. 93-09** |
| **Mount Marathon Native Association** | **Resolution No. 93-06** |

"For all programs other than Scholarships, the contractor shall serve all eligible Alaska Native and American Indian *Residents* within the service area.  For the Scholarship Program the contractor's service area is defined as the eligible Alaska Native *Enrolled* members of *Chenega Bay; The Native Village of Eyak (Cordova); Nanwalek; Port Graham; Tatitlek; and Seward (Qutekcak Native Tribe); and Valdez Native Tribe* and their descendents."

### Sec. 5.   TRIBAL SHARES —

(1) The Contractor agrees that the acceptance of Tribal Shares includes the responsibility of all programs, activities, services, and functions associated with the program tribal shares taken by the contractor/tribe, except for those listed by program in the Proposed list of Inherently Federal Functions of the Bureau of Indian Affairs, May 1997.  This listing was sent to each tribe and tribal organization by the Deputy Commissioner of Indian Affairs on May 19,1997.

(2) The Tribal Shares process is currently under review. FY-03 Tribal Shares are based upon formulas agreed upon for the FY-03 Annual Funding Agreement and DO NOT increase the contractor's Tribal Priority Allocation (TPA) funding. Formulas and process may be different after FY-03 and funding is subject to the availability of funds.

## Sec. 6.  PAYMENT OF FUNDS —

Payments shall be made to the Contractor in advance upon request of the Contractor utilizing the Bureau of Indian Affairs "P-638" payment system. Section 105(b) of the Act is hereby incorporated into this Contract.

## Sec. 7.  INVESTMENT OF FUNDS —

(A) Advanced funds not immediately spent for program activities may be invested only in obligations of the United States or in obligations or securities that are guaranteed or insured by the United States.

(B) If not invested, advanced funds must be deposited into accounts that are insured by an agency or instrumentality of the United States or must be fully collateralized to ensure protection of the funds.

(C) Interest and investment income that accrue on any funds provided for by contract become the property of the grantee.

## Sec. 8. PROGRAMS RETAINED —

(A) GOVERNMENT PERFORMANCE AND RESULTS ACT- "The Chugach Regional Resources Commission agrees to provide applicable data and information to the BIA Alaska Regional Office pursuant to the Government Performance and Results Act of 1993 (P.L. 103-62). Before providing such information, the Chugach Regional Resources Commission will work with its respective Regional Office to determine applicable data and information needed to meet the requirements pursuant to the Government Performance and Results Act of 1993. (P.L. 103-62)".

## Sec. 9. MOTOR VEHICLE OPERATION POLICY —

*"The Chugach Regional Resources Commission certifies that it will self-administer a motor vehicle operations policy that promotes the safe operation of motor vehicles while performing duties to implement the terms of the funding agreement.  The Chugach Regional Resources Commission policy is either comparable or superior to the March 19, 2004 Motor Vehicle*

*Chugach Regional Resources Commission*                    *2005 AFA*
*Contract No. CTE01X84923*

Operation Policy for the Bureau of Indian Affairs issued by the Assistant
Secretary- Indian Affairs ".

### Sec. 10    SUBMISSION OF AUDIT REPORTS.—

If a Contractor spends more than **$500,000** in total Federal financial assistance
from all sources, the following submission requirements apply.

(A) To fulfill single audit Act requirements.

(1) Send one copy of the audit report with Form SF-SAC (Data Collection
Form) to the Federal Audit Clearinghouse:

> Federal Audit Clearinghouse
> U.S. Bureau of the Census
> 1201 East Tenth Street
> Jeffersonville, IN  47132

(2) Submit one additional copy to the Clearinghouse for <u>each</u> funding
agency that has a finding, either current or prior year, related to the
grant/contracts provided by them.

(B) All contractors/grantees/Self-Governance Tribes must send two copies of
their audit reports to the Office of Audit and Evaluation to meet the reporting
requirements of the Indian Self-Determination and Education Assistance Act
and the Tribally Controlled School Grants Act Interior.  The address is:

> Office of Audit & Evaluation
> U.S. Department of the Interior
> Parker Building
> 2051 Mercator Drive
> Reston, VA     21092

### Sec. 11.  AUDIT SANCTIONS.- Failure to submit the required audit reports will result in the implementation of Audit Sanctions as shown in the following table:

| Period of Non-compliance | Sanction | Authority |
|---|---|---|
| 1 year | Level 1 sanctions -- The tribe or tribal organization will be limited to monthly advance payments of all contract funds, including contract support funds. | OMB Circular A-133 |
| 2 years | Level 2 sanctions -- The tribe or tribal organization will continue on monthly advance payments of all contract funds | OMB Circular A-133 |

| | payments of all contract funds and all contract support funds will be withheld. | |
|---|---|---|
| 3 years | Level 3 sanctions – BIA will initiate non-emergency program reassumption procedures. | OMB Circular A-133 and 25 USC § 450m |

### Sec. 12. PURPOSE —

Each provision of the Indian Self-Determination and Education Assistance Act (25 U.S.C. 450 et seq.) and each provision of this Contract shall be liberally construed for the benefit of the Contractor to transfer the funding and the following related functions, services, activities, and programs (or portions thereof), that are otherwise contractible under section 102(a) of such Act, including all related administrative functions, from the Federal Government to the Contractor. **Refer to the following programs which have been proposed by the contractor and authorized by resolution referenced in Section 4.**

**A. CFDA No. 15.034 – Natural Resources**

**A.    CFDA No. 15.034 – Natural Resource:   Services will be confined to trust lands.**

(1)    Statutes:

(i)    Title 25 U.S.C., 13 Snyder Act and applicable appropriation acts.

(ii)   Applicable to Wildlife and Parks - Water Resources, Agriculture and Agriculture Ex.
Archeological Resources Protection Act - 1979
Archeological and Historic Preservation Act - 1974
Antiquities Act - 1906
Executive Order 11593 (Protection and Enhancement of Cultural Environment)
Resource Conservation and Recovery Act - 1976
Federal Land Policy and Management Act
Surface Mining Control and Reclamation Act - 1977
Federal Water Pollution Control Act
Endangered Species Act.

(iii)  Applicable to Wildlife and Parks and Water Resources
- Coastal Zone Management Act - 1972
- National Trails System Act
- U.S./Canada (Inter-Field Office Agreement - DOI) Yukon Salmon Treaty - 1985
- Migratory Bird Treaty

- Cooperative Effort between BIA/BSFW
- MOA-DOI Inter-Field Office Agreement on Policy - Trusteeship Tribal Fishery Resources
- Mineral Leasing Act Amendments - 1973
- Land and Water Conservation Fund Act - 1965
- Marine Mammal Act - 1982
- Estuary Protection Act
- Executive Order 11990 (Wetland Protection)
- Clean Water Act
- Comprehensive Environmental Resource, Compensation, Liability Act (CERCLA) Wild and Scenic Rivers Act - 1969
- Water Resources Planning Act - 1969
- Federal Water Project Recreation Act
- Fish and Wildlife Coordination Act – 1973

(iv)    Applicable to Agriculture and Agriculture Extension
- 48 U.S.C. 250K (Reindeer Act of 1937) AG
- Toxic Substance Control Act
- Forest and Range and Renewable Resources Act
- Federal Insecticide, Fungicide and Rodenticide Act

(2) Regulations:

(i)    25 CFR, Sub Chapter H - Land and Water, Sub Chapter I Energy and Mineral and Sub Chapter J - Fish and Wildlife.

(3) Reports:

(i)    Quarterly Financial Report
(ii)    Annual Narrative Report

For each program, the contractor will provide the necessary personnel, facilities, equipment, and supplies, except as otherwise specified, which are required to fulfill the objectives of this program activity portion of the contract within the contract service area.

### Sec. 13.  AUTOMATED INFORMATION TECHNOLOGY TRAINING.--

"*Automated Information Technology Training.*  Prior to being granted access to DOI automated information technology systems, Contractor employees will successfully complete BIA automated technology systems training, the costs of which will be met by the BIA."

### Sec. 14.  TRUST PROGRAMS RECORDS MANAGEMENT.-

"*Trust Programs Records Management.*  The Contractor agrees to preserve and maintain records that adequately and properly document performance of Federal

*Chugach Regional Resources Commission*
*Contract No. CTE01X84923*                                    *2005 AFA*

Indian trust functions under federal regulations in Title 25 of the CFR. The Contractor and the Department of the Interior agree to work cooperatively in records creation, maintenance and disposition, and training activities, and to address trust records issues and activities in accordance with Executive Order # 13175 (Consultation and Coordination with Indian Tribal Governments) and the BIA Government-to Government Consultation Policy."

### Sec. 16.   USE OF FUNDS SANCTIONS.-

Failure to maintain the integrity of contract funds shall result in imposition of one or more of the following sanctions:

   (a)   Pursuant to Section 5(d) of Public Law 93-638, as amended (25 USC 450c(d)), funds paid to the Contractor and not used for the purposes for which they were paid shall be repaid to the Treasury of the United States; and,

   (b)   Cancellation of Advance Payment methodology and invocation of payments on a cost-reimbursable basis.

   (c)   Sanctions shall remain in place until the Contractor provides assurance that the impropriety, which resulted in the imposition of sanctions, has been rectified and will not reoccur.


**Chugach Regional Resources Commission**

By: ~~Patricia Brown Schwalbe~~ 1-4-05
                                        Date


*United States of America*
*Department of the Interior*
*Bureau of Indian Affairs*


By: ~~Darryl J. Guthin~~ 12/13/04
       Awarding Official          Date
       Certificate No. BIA-2004-L1-000059

Pl. Exh. 1
CRRC v. Kempthorne, et al.
Page 37 of 37



# Chugach Regional Resources Commission

November 14, 2007

Chenega Bay

Eyak

Nanwalek

Port Graham

Qutekcak
Native Tribe

Tatitlek

Valdez Native
Tribe

Niles C. Cesar
Regional Director
Alaska Regional Office
Bureau of Indian Affairs
P. O. Box 25520
Juneau, AK 99802-5520

Re: Renewal of Contract No. CTE01X84923

Dear Mr. Cesar:

This letter constitutes a proposal for renewal of the above-referenced contract for the three year period from October 1, 2007 through September 30, 2010. Chugach Regional Resources Commission asserts its entitlement to the renewal of the contract and requests that the Bureau immediately award a contract for the period of FY 2008 through FY 2010 and issue a funding agreement to cover the contract costs for FY 2008.

We hereby incorporate by reference the entire FY 2007 AFA as a proposal for FY 2008-2010. As you know, the BIA made no response whatsoever to CRRC's 2007 proposal for an annual funding agreement for the third year of its most recent contract – a matter which is being pursued in a separate claim. The inaction of the agency cannot impair CRRC's right to technical assistance for contract renewal nor to an award of the renewal contract itself.

Since the early 1990's the Bureau has contracted with CRRC for the operation of various natural resource projects and programs on behalf of the federal government. The term of the most recent contract was three years, from October 1, 2004 through September 30, 2007. The project undertaken by CRRC on behalf of the federal government is ongoing in nature and constitutes a continuing trust responsibility of the federal government.

This proposal for renewal contains no material and substantial change to the scope or funding of the program, functions, services and activities under the most recent contract, as amended over the course of the three-year term. As such, this proposal is not subject to declination criteria. 900 C.F.R. § 900.33.

Pl. Exh. 2
CRRC v. Kempthorne, et al.
Page 1 of 2

Niles C. Cesar
November 14, 2007
Page 2 of 2

The ISDA specifies that the amount of funds provided to a tribal contractor shall not be less than the Bureau would otherwise have provided for the operation of these programs. 25 U.S.C. § 450j-1. Annual funding for successive years may be reduced only under limited circumstances, none of which is applicable here. 25 U.S.C. § 450j-1(b)(2). *See also* 25 U.S.C. § 450*l*(c), Model Contract, Sec. 1(b)(14(A). Thus the FY 2008 funding agreement must be awarded at no less than the amount the BIA was required by law and contract to award CRRC in FY 2007 (not less than $347,000 plus CSC at 22.07%).[1]

Under the current circumstances, we request that the BIA issue the subject contract within ten days. Please be advised that in the event the Bureau fails to issue a renewal contract, 25 U.S.C. § 450m-1(a) authorizes a federal district court to grant mandamus relief, damages, and costs and attorneys fees under the Equal Access to Justice Act.

CRRC looks forward to your prompt action on this request.

Sincerely,

Patty Brown-Schwallenberg
Executive Director

cc:    Darryl G. Guthrie
       Bureau of Indian Affairs, Alaska Region
       Branch of Contracting
       PO Box 25520
       Juneau, AK 99802-5520

---

[1] This sum is drawn from the 2005 and 2006 AFAs. To the extent that appropriations increases have occurred in FY 2007 and FY 2008, this sum should be correspondingly increased.

Pl. Exh. 2
CRRC v. Kempthorne, et al.
Page 2 of 2